UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAEIAN SAELEE,

       Plaintiff,                                   No. C 10-2331 PJH

       v.                                          **ORDER**

CITY OF RICHMOND, et al.,

       Defendants.

_____/

      The court is in receipt of a document entitled "Amendment to the Complaint (Doe 1)" and another document entitled "Amendment to Complaint (Doe 2)," by which plaintiff purports to amend the complaint to substitute two named defendants for defendants previously identified as "Doe 1" and "Doe 2." This is not an acceptable method for amending a complaint.

      Under Federal Rule of Civil Procedure 15, a plaintiff may amend the complaint once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other cases, a plaintiff may amend the complaint "only with the opposing party's written consent, or the court's leave." Fed. R. Civ. P. 15(a)(2).

      Here, the original complaint was filed in Contra Costa Superior Court on May 15, 2010, and was removed to this court by defendant City of Richmond on May 27, 2010. Defendant filed a motion to dismiss for failure to state a claim on June 4, 2010, but later withdrew the motion after plaintiff agreed to dismiss one of the causes of action. Defendant answered the complaint on July 9, 2010. Because more than 21 days have passed since the filing of the answer, plaintiff cannot amend the complaint as of right, and must either

seek defendant's agreement in writing, or must file a motion for leave to amend the complaint.

Moreover, the local rules of this court require that any party filing or moving to file an amended pleading "must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." Civ. L.R. 10-1. Accordingly, any amended complaint (whether filed based on agreement of the defendant, or filed based on leave of court) must be complete in and of itself. It is not sufficient for plaintiff to "insert" an amendment into the original complaint.

**IT IS SO ORDERED.**

Dated: November 22, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge